UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



**FILED**
SEP 19 2016

| | |
|---|---|
| DWIGHT STULKEN, <br><br> Petitioner, <br><br> vs. <br><br> DARIN YOUNG, Warden of the South Dakota State Penitentiary and Authorized Person Having Custody of Petitioner, <br><br> Respondent. | 3:16-CV-03010-RAL <br><br><br> ORDER GRANTING MOTION TO DISMISS |

On February 16, 2016, Petitioner Dwight Stulken ("Stulken") filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent moves to dismiss Stulken's petition. Doc. 5. For the reasons below, respondent's motion is granted and Stulken's petition is dimissed.

### I. PROCEDURAL BACKGROUND

On December 6, 2010, Stulken pled guilty to one count of First Degree Rape in a circuit court of South Dakota and was sentenced to 100 years in prison. Doc. 6-1. The South Dakota Supreme Court affirmed the judgment of the circuit court on direct appeal. Doc. 6-2. On March 13, 2013, Stulken moved for a hearing to modify or reduce his sentence, Doc. 6-3, but the circuit

court denied his motion. Doc. 6-4. On January 31, 2014, Stulken filed a petition seeking habeas relief in state court. Doc. 6-5. The circuit court denied his petition. Doc. 6-7. Stulken applied for a certificate of probable cause, first in the circuit court and then the South Dakota Supreme Court, but was denied by both courts. Doc. 6-9; Doc. 6-11.

On February 16, 2016, Stulken filed a Petition for Writ of Habeas Corpus in this Court. Doc. 1. Respondent moves to dismiss, arguing that Stulken's petition is time barred. Doc. 5. Stulken responded, arguing that he is entitled to equitable tolling, his petition is therefore not time barred, and it should be decided on the merits. Doc. 7.

## II.    DISCUSSION

### A.    Statute of Limitations

A person in custody pursuant to a state court judgment may petition a federal district court for a writ of habeas corpus on the ground that he or she is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2254. Stulken's petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), and therefore AEDPA applies to this petition. Doc. 1; *Ryan v. Clarke*, 387 F.3d 785, 789 (8th Cir. 2004). Under AEDPA, a 1-year period of limitation applies to habeas applications under § 2254. 28 U.S.C.A. § 2244(d)(1).

Defendants argue that Stulken's 1-year AEDPA statute of limitations has run. Doc. 7. Stulken does not rebut this argument. In his response, he only

claims that he is entitled to equitable tolling, and the Court should decide the merits of his petition. Doc. 7.

## B. Equitable Tolling

The United States Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). " 'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.' " *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Stulken does not establish either element and makes no attempt to do so. Instead, he argues that the state should not be able to raise the statute of limitations defense.

Stulken cites *Wood v. Milyard*, 132 S. Ct. 1826 (2012), in support of his argument. *Wood* concerned "the authority of a federal court to raise, on its own motion, a statute of limitations defense to a habeas corpus petition." *Id.* at 1829. In *Wood*, the state informed the United States District Court that it would not challenge the timeliness of Woods' petition. *Id.* After the district court denied Woods' petition on the merits, the Tenth Circuit affirmed the denial but only on the grounds that Woods' petition was untimely. *Id.*

The Supreme Court held that the Tenth Circuit erred. *Id.* at 1830. The Court found that the state had waived the timeliness issue, describing this waiver as "the 'intentional relinquishment or abandonment of a known right.' " *Id.* at 1835 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 458, n.13 (2004)). Because

3

the state waived the issue in the district court, it was error for the appellate court to resurrect the issue. *Id.*

*Wood* is inapplicable to Stulken's petition. Unlike in *Wood*, the state here has not affirmatively waived the statute of limitations defense. The state has not waived the defense at all. Also, the Court in *Wood* extensively discussed the relationship between trial and appellate courts, citing restraint from entertaining issues not raised and preserved in the trial court and "regard for the trial court's processes and time investment" as "relevant considerations" to its decision that the appellate court erred. *Id.* at 1834. These considerations are inapplicable to Stulken's petition. The state, at its first opportunity to raise a statute of limitations defense in the proceeding, raises this defense.

Stulken argues that the state could have raised a statute of limitations defense in the state habeas proceedings. Docket 7 at 3. He argues that the state effectively waived this defense by failing to raise it in state court and failing to request that the state court to rule upon the issue. *Id.* The state proceeding, however, was a separate proceeding and any defense would have been raised under a different statute of limitations. *See* SDCL 21-27-3.3.

For these reasons, *Wood* is inapplicable to Stulken's petition. Stulken is not entitled to equitable tolling, and his federal habeas petition is barred from review. Defendants' motion to dismiss is granted; Stulken's petition is dismissed.

4

### C. Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Stulken's federal habeas petition is time-barred under AEDPA, and no reasonable jurist could that find Stulken's case is timely filed or that he is entitled to equitable tolling. Hence, no certificate of appealability will be issued.

### III. ORDER

Therefore, it is hereby

ORDERED that Respondent's Motion to Dismiss, Doc. 5, is granted. It is further

5

ORDERED that no certificate of appealability shall issue.

Dated September 19th, 2016.

                    BY THE COURT:

                    ROBERTO A. LANGE
                    UNITED STATES DISTRICT JUDGE

6